UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| VICTOR DEMETRIUS COLE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES MARSHALS SERVICE,<br><br>Defendant. | Case No. 24-CV-2148 (PAM/JFD)<br><br>ORDER and REPORT AND RECOMMENDATION |

This matter is before the Court on Plaintiff Victor Demetrius Cole's Motion for Default Summary Judgment (Dkt. No. 16), Mr. Cole's Motion for Appointment of Counsel (Dkt. No. 19), and Defendant United States Marshals Service's ("USMS") Motion for Extension of Time to Answer Complaint (Dkt. No. 20). For the reasons set forth below, the Court grants in part and denies in part the USMS's Motion for Extension of Time, denies Mr. Cole's Motion for Appointment of Counsel, and recommends that Mr. Cole's Motion for Default Summary Judgment be denied without prejudice. The USMS shall file an answer or other response to Mr. Cole's Complaint within 14 days.

**I.    Background**

Mr. Cole initiated this action by filing a Complaint on June 4, 2024. Mr. Cole's application to proceed *in forma pauperis* was granted, which entitled him to service of process by the USMS. The USMS was served via the U.S. Attorney's Office ("USAO") on August 12, 2024. By rule, an agency of the United States must file an answer within 60

days of service on the U.S. Attorney. Fed. R. Civ. P. 12(a)(2). The USMS accordingly should have filed its answer by October 11, 2024, but the USMS did not file a response. Therefore, on October 28, 2024, the Court issued an order requiring the USMS to file a stipulation or a motion for an extension of time to answer or otherwise respond to the Complaint. Meanwhile, Mr. Cole filed a "Motion for Default Summary Judgment" based on the USMS's failure to timely answer. (Dkt. No. 16.) Mr. Cole also filed a motion for the appointment of counsel because "he believes that his limited knowledge of the legal system . . . would slow down the legal process in this case." (Dkt. No. 19.)

The USMS filed a motion for an extension of time to respond to the Complaint on November 12, 2024 (Dkt. No. 20). The USMS explained that an inadvertent case-processing error by the USAO caused the case not to be opened internally or assigned to an assistant U.S. Attorney. The USMS asks for an extension of time to January 10, 2025, to respond to Plaintiff's Complaint.

**II.     Discussion**

Federal Rule of Civil Procedure 6(b)(1)(B) permits a court to extend a deadline after its expiration "if the party failed to act because of excusable neglect." Excusable neglect is a flexible concept "that empowers courts to accept, where appropriate, late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (cleaned up). The Court may consider any relevant circumstance, but four factors are particularly important: (1) the possibility of prejudice to the other party, (2) the length of

the delay, (3) the reasons for the delay, and (4) whether the moving party acted in good faith. *Sugarbaker v. SSM Health Care*, 187 F.3d 853, 856 (8th Cir. 1999).

Of primary concern to the Court is the potential of prejudice to Mr. Cole. Taking the allegations in Mr. Cole's Complaint as true, the USMS is withholding approval for lymphoma surgery that his medical provider has ordered, and Mr. Cole is experiencing great pain and discomfort. Although Mr. Cole is seeking only monetary relief in this lawsuit—not an order concerning the surgery—this strikes the Court as a situation in which prejudice increases as time passes.

Second, the length of the delay is unreasonable. The amount of time between the date the answer was due originally (October 11, 2024) and the requested extended deadline (January 10, 2025) is three months. Two additional months passed between August 12 and October 11, 2024, effectively giving the United States five months to answer or otherwise respond after service in a case that is not complicated.

The third factor is neutral. Although the delay was due to a rare and inadvertent processing error by the USAO, the failure to open the case internally is a significant error. Finally, the fourth factor weighs in favor of granting an extension: there is no reason to believe that the USMS did not act in good faith.

Balancing the four factors, the Court finds that the USMS failed to answer due to excusable neglect but that the requested extension of time is too long. The USMS must file an answer or other response to the Complaint within 14 days.

Granting the extension means that the grounds underlying Mr. Cole's Motion for Default Summary Judgment no longer exist. The USMS is not in default for failing to answer. The Court will therefore recommend that this motion be denied.

Lastly, the Court denies Mr. Cole's Motion to Appoint Counsel. There is no constitutional or statutory right to appointed counsel in civil litigation. *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). In deciding whether to appoint counsel, the Court should consider "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id.* (quoting *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). Here, the Court finds that this action is not particularly complex, either factually or legally. Furthermore, Mr. Cole has not shown that he is not able to investigate the relevant facts, and he seems quite able to express his positions and allegations. At this stage of the case, the existence of conflicting testimony is not known. Therefore, the Court will not appoint counsel.

Accordingly, **IT IS HEREBY ORDERED THAT:**

1. Mr. Cole's Motion for Appointment of Counsel (Dkt. No. 19) is **DENIED**; and
2. The USMS's Motion for Extension of Time to Answer Complaint (Dkt. No. 20) is **GRANTED IN PART** and **DENIED IN PART**, and the USMS shall file a response to Mr. Cole's Complaint within 14 days.

Further, **IT IS HEREBY RECOMMENDED THAT** Mr. Cole's Motion for Default Summary Judgment (Dkt. No. 16) be **DENIED**.

Dated: November 21, 2024

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge

## NOTICE

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and therefore is not appealable directly to the Eighth Circuit Court of Appeals. Pursuant to D. Minn. LR 72.2(b)(1), a party may file and serve specific written objections to this Report and Recommendation within fourteen days. A party may respond to objections within fourteen days. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).